CARLE, MACKIE, POWER & ROSS LLP
Kimberly Corcoran (SBN 148229)
kcorcoran@cmprlaw.com
Philip J. Terry (SBN 148144)
pjterry@cmprlaw.com
520 Third Street, Suite 500
Santa Rosa, California 95401
Telephone: (707) 526-4200
Facsimile: (707) 526-4707

Attorneys for Defendants, SunMEDICA, INC., and KIMBERLY MILLS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD M. CARN MD<br><br>Plaintiff,<br><br>v.<br><br>SunMEDICA, INC.; KIMBERLY MILLS; LYNSIE BRUSHETT; VICKI CRAFT; and DOES 1-20, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**NOTICE OF REMOVAL OF ACTION**<br><br>**REMOVAL UNDER 28 U.S.C. § 1441(a) (ORIGINAL JURISDICTION), AND DEMAND FOR JURY TRIAL** |

TO PLAINTIFF, HIS COUNSEL, AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants SunMedica, Inc., and Kimberly Mills hereby remove to this Court the state court action described below.

1. On July 23, 2026, an action was commenced in the Superior Court of the State of California in and for the County of Shasta, entitled *Ronald M. Carn, MD, Plaintiff v. SunMedica, Inc.; Kimberly Mills; Lynsie Brushett; Vicki Craft*; and Does 1-20, inclusive, Defendants, as Case Number 26CV-0211323.

2. The date upon which Defendant SunMedica, Inc. received a copy of the said complaint was August 7, 2026, when Defendant SunMedica, Inc. was served a copy of the said complaint and summons. The state court complaint, summons and related materials that were served on this Defendant are attached hereto as Exhibit A.

///

3. The date upon which Defendant Kimberly Mills received a copy of the said complaint was August 10, 2026, when Defendant Kimberly Mills was served a copy of the said complaint and summons. The state court complaint, summons and related materials that were served on this Defendant are attached hereto as Exhibit B.

4. This case is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1338, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a) in that it is a civil action for which the district courts of the United States have original jurisdiction. The complaint asserts a dispute over patent rights and patent ownership. District Courts have original jurisdiction of any civil action relating to patents. 28 USCA § 1338(a). This Court has supplemental jurisdiction over the remaining claims pursuant to 28 USCA § 1337 because they form part of the same case or controversy and involve the same parties.

5. Removing Defendants are the only Defendants so far served in this action to the undersigned's knowledge and belief.

6. Removing Defendants hereby demand trial of this action by jury, and a Dmand for Jury Trial is filed herewith.

7. Defendant SunMedica's Rule 7.1 disclosure is concurrently filed herewith. FRCP, Rule 7.1.

Dated: September 8, 2026

CARLE, MACKIE, POWER & ROSS LLP

By: [signature]
Kimberly Corcoran
Philip J. Terry
Attorneys for Defendants
SunMedica, Inc., and Kimberly Mills

# EXHIBIT A

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SHASTA**

Case Number: 26CV-0211323

**NOTICE OF: ALL PURPOSE ASSIGNMENT, MANDATORY SETTLEMENT CONFERENCE, AND TRIAL**

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to Ryan H Birss for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday, April 26, 2027, at 1:30 pm in Department 64, located at 1515 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference. /PS/

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday, June 29, 2027, at 8:45 am in Department 64, located at 1515 Court Street, Redding, CA 96001. /PSl

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 1, 2025

TAMARA L. WOOD, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON JULY 28, 2026.

BY: ________________, DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm . If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

**Potential Advantages and Disadvantages**

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

**Most Common Types of ADR**

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

## Shasta County Superior Court ADR Programs

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER 109384<br>NAME: MICHAEL L PICKERING, ESQ<br>FIRM NAME: PICKERING LAW CORPORATION<br>STREET ADDRESS: PO BOX 992200<br>CITY: REDDING STATE: CA ZIP CODE: 96099-2200<br>TELEPHONE NO.: 530-241-5811 FAX NO.: 530-241-3145<br>EMAIL ADDRESS: pickeringlaw@sbcglobal.net<br>ATTORNEY FOR (name): PLAINTIFF, RONALD M. CARN, MD | FOR COURT USE ONLY<br>FILED<br>JUL 23 2026<br>SHASTA COUNTY SUPERIOR COURT<br>BY: K. LANDENGLOS, DEPUTY CLERK |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA<br>STREET ADDRESS: 1515 COURT STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: REDDING, CA 96001<br>BRANCH NAME: | |
| CASE NAME:<br>RONALD M. CARN, MD v. SunMEDICA, INC.; KIMBERLY MILLS, LYNSIE BRUSHETT, et al | |
| **CIVIL CASE COVER SHEET**<br>[x] **Unlimited** (Amount demanded exceeds $35,000) [ ] **Limited** (Amount demanded is $35,000 or less)<br>**Complex Case Designation**<br>[ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CASE NUMBER: 211323<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [x] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)



→

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify)*: 6

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/22/26

MICHAEL L PICKERING, ESQ. SBN 109384
Type or print name

▶ [signature]
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
JUL 28 2026
SHASTA COUNTY SUPERIOR COURT
BY: K. LANDENGLOS, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SunMEDICA, INC.; KIMBERLY MILLS; VICKI CRAFT, and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RONALD M. CARN, MD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SHASTA COUNTY SUPERIOR COURT
1515 COURT STREET, REDDING, CA 96001

CASE NUMBER: *(Número del Caso):* 211323

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL L PICKERING of the PICKERING LAW CORP. Po Box 992200, Redding, CA 96099-2200; (530) 241-5811

DATE: *(Fecha)* JUL 28 2026 Clerk, by *(Secretario)* K. LANDENGLOS, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*: SunMEDICA, INC.
   under: [x] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify)*:
4. [ ] by personal delivery on *(date)*:

PICKERING LAW CORPORATION
MICHAEL L. PICKERING, ESQ. SBN 109384
P.O. Box 992200
Redding, CA 96099-2200
(530) 241-5811
(530) 241-3145 (Facsimile)
Email: pickeringlaw@sbcglobal.net

Attorneys for Shareholder/Plaintiff

FILED
JUL 23 2026
SHASTA COUNTY SUPERIOR COURT
BY: K. LANDENGLOS, DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SHASTA

RONALD M. CARN, MD

Plaintiff,

vs.

SunMEDICA, INC.;
KIMBERLY MILLS;
LYNSIE BRUSHETT;
VICKI CRAFT;
and DOES 1-20, inclusive,

Defendants.

_______________________/

CASE NO. - 211323

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR:

1. BREACH OF DUTY TO DISCLOSE AND PRODUCTION OF CORPORATE BOOKS AND RECORDS;
2. BREACH OF CORPORATE FIDUCIARY DUTY;
3. WASTE OF CORPORATE ASSETS AND UNJUST ENRICHMENT
4. FAILURE TO HONOR EXERCISE OF STOCK OPTION
5. THE INVOLUNTARY DISSOLUTION OF THE CORPORATION
6. BREACH OF PATENT RIGHTS

Plaintiff, RONALD CARN, MD a Shareholder in the above-referred Corporation, asserts and alleges both derivatively and directly in this Complaint as follows:

## PARTIES

1. Plaintiff, RONALD M. CARN, MD is a medical doctor who specialized in orthopedic surgery in the County of Shasta, State of California. Dr. Carn for many years performed orthopedic surgeries in the North State as part of his practice, and developed and patented numerous medical devices for both surgery, therapeutic relief, and physical

therapy, to be used for the treatment and recovery of orthopedic injuries.

2. After some years, DR. CARN thought it was best to incorporate and therefore created SunMEDICA, INC., the defendant Corporation herein. This was done for the purpose of the manufacture, sale, and marketing of orthopedic and other medical devices created by plaintiff. The Corporation as originally formed had plaintiff as the sole Shareholder. Eventually, as DR. CARN grew older and entered retirement, he wanted to bring others into the Corporation. He brought in KIMBERLY MILLS as a Shareholder and Officer. Defendant, MILLS is also on the Board of Directors which previously consisted of five people, all of which were within the medical community or otherwise qualified, including doctors, nurse practitioners, an engineer, and others qualified to assist in advising the Corporation as it created and marketed medical devices.

3. DR. CARN personally created nine patents for devices for which he holds the patent on five. He allowed the Corporation to utilize his patents as part of his service to the Corporation.

4. DR. CARN was also granted a Stock Option to purchase additional shares of the Corporation as it grew and additional Shareholders were added.

5. DR. CARN lives and resides in Shasta County, California and has for most of his working life up through and including retirement.

6. Defendant, SunMEDICA, INC. is a Corporation duly organized and existing under the laws of the State of California and is a nominal defendant herein for purposes of the derivative action and Shareholder action alleged herein. Its principal place of business is Shasta County, California and has been for all of its existence.

7. Defendant, KIMBERLY MILLS is the current President of defendant, SunMEDICA, INC., as well as a Shareholder and serves on the Board of Directors. She lives and resides in Shasta County, California and has for the duration of the complaints made herein.

8. Defendant, LYNSIE BRUSHETT is an employee of SunMEDICA, INC. and now serves on the Board of Directors. She lives and resides in Shasta County, California

and has for the duration of the complaints herein.

9. Defendant, VICKI CRAFT is unknown as to her vocation, but she is believed to be a local business person who serves on the Board of Directors. She lives and resides in Shasta County, California and has for the duration of the complaints herein.

10. DOES 1 through 20, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such DOE defendants.

## VENUE

11. The venue for this action is appropriate in the Superior Court of Shasta County, California as the Corporation is based in and conducts business in Shasta County, California. Further, each of the named defendants are residents of Shasta County, California.

## SUMMARY OF THE ACTION

12. This is a shareholder's derivative action brought by RONALD CARN, MD against nominal corporate defendant, SunMEDICA, INC. which is primarily engaged in the business of creating, manufacturing, and marketing and selling medical devices.

13. This derivative action is brought against members of the Company's Board of Directors (the "Board") and its Executive Officers (collectively, the "Individual Defendants") seeking to remedy the Defendants' violations of state law and breaches of fiduciary duty during the period beginning in about 2025 through the present and continuing (the "Relevant Period").

## FIDUCIARY DUTIES OF THE INDIVIDUAL DEFENDANTS

14. By reason of their positions as officers, directors and/or fiduciaries of SunMEDICA, INC. during the Relevant Period, and because of their current ability to

control the business and corporate affairs of the Company, the Individual Defendants owed SunMEDICA, INC. and its shareholders fiduciary obligations of good faith, loyalty and candor. They were and are required to use their utmost ability to control and manage the Company in a fair, just, honest and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of SunMEDICA and its shareholders so as to benefit all shareholders equally and, not in furtherance of their personal interest or benefit.

15. Each director and officer of the Company owes to SunMEDICA and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the Company's affairs and in the use and preservation of its property and assets, and the highest obligations of fair dealing with its Shareholders.

## I.

## FIRST CAUSE OF ACTION

## BREACH OF DUTY OF DISCLOSURE AND PRODUCTION OF CORPORATE BOOKS AND RECORDS

16. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

17. Plaintiff is a minority Shareholder of the defendant corporation and owns 48% of said shares. Defendant, KIMBERLY MILLS is the remaining Shareholder and owns approximately 52% of the shares. KIMBERLY MILLS became the majority Shareholder on or about August 13, 2025 when DR. CARN, due to his retirement and health concerns, resigned his position as an Officer of the Corporation, as well as his position on the Board of Directors. Plaintiff remained a Shareholder, but became a minority Shareholder as he sold, at below market value or gifted, a sufficient number of his shares to the Corporation so that KIMBERLY MILLS would become the majority Shareholder.

18. This was done in the anticipation that defendant, MILLS would continue to operate the Corporation in a good and faithful manner pursuant to her Fiduciary Duties. Unfortunately, this has proven not to be the case as plaintiff had hoped. This led to the

disputes which are the basis of the Complaint herein. Defendant, MILLS and the Board of Directors, have substantially locked out the plaintiff, refused to cooperate with reasonable and appropriate requests of a minority Shareholder, refused to report and produce records, and other violations as alleged herein. As a result, this action became necessary.

19. As a substantial minority Shareholder, plaintiff has rights to view, inspect, and copy books and records of the Corporation. Sometime shortly after plaintiff resigned, defendant, MILLS and the other named defendants, packed up and moved the Corporation's base of operations where they had been for many years, from 1661 Zachi Way, Redding, California 96003 to a building under a new lease at 5070 Mountain Lakes Blvd., Redding, California 96003. The prior building was partly owned by plaintiff and had been made FDA Compliant. It is unknown if the new facility is compliant, but based on information and belief, it is not likely. This was all done without DR. CARN'S knowledge or input. Since that move, defendants have locked out plaintiff and have not fully and appropriately responded to his reasonable requests as a Shareholder.

20. On or about 3/3/2026, plaintiff made a demand on the Corporation through its attorney for the production of various books and records which are appropriate and allowed pursuant to California Corporations Code § 1500 et sec. and § 1600 et seq. and his position as a substantial minority Shareholder. The requests was for five (5) items, including but not limited to, (1) initial ByLaws of the Corporation and any amendments thereto; (2) a current list of Shareholders and the number of shares they own; (3) a current list of the names and addresses for the Board of Directors for the years 2023, 2024, 2025 and 2026; (4) Minutes of the Corporation, including any meetings of the Board of Directors, Shareholders and/or Officers of the Corporation from 1/1/2025 to the current; and, (5) the Corporate Tax Returns for the years 2024, 2025, and 2026 when prepared. There was also a further request made for Monthly Profit and Loss Statements or Quarterly Statements as prepared by the Corporation.

21. These were items DR. CARN previously had full access to and assumed he would continue to have access to them. However, access was barred once he resigned,

once KIMBERLY MILLS gained her position as majority Shareholder and President and moved the Corporation to its new address. The Corporation, through its Board of Directors, partly responded to the requests and has refused all further requests other than a few Minutes and By Laws, and has failed to produce any other records requested.

22. Therefore, it is respectfully requested the Court Order the production of all books and records and for plaintiff's costs and attorneys' fees, and for such other relief as set forth below.

**II.**

**SECOND CAUSE OF ACTION**

**<u>BREACH OF CORPORATE FIDUCIARY DUTY</u>**

23. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

24. Defendants and each of them owe plaintiff as a shareholder a fiduciary obligations of good faith, loyalty and candor are required to use their utmost ability to control and manage the company in a fair, just, honest, and equitable manner. Corporations Code § 300 et seq. Further, they are required to act in the best interest of SunMEDICA, INC. and its shareholders to the benefit of all shareholders equally, not for their own personal interest or benefit. Each Director and Officer of SunMEDICA, INC. owes the Corporation and its shareholders a fiduciary duty to exercise good faith and due diligence in the administration of the company's business affairs and for the use and preservation of property and assets and the highest obligations of fair dealing.

25. The named defendants and each of them, have breached their obligations hereunder in failing and refusing to be open and transparent with regard to the Corporation's operations despite their obligations above. Further, they refused to produce Corporate Books and records and have refused to keep plaintiff informed of the financial condition of the company as requested and demanded previously. Defendants have only given sporadic statements of profit loss, and other schedules as they see fit, but have not produced monthly or quarterly reports as required.

26. Further, KIMBERLY MILLS, as is her obligation as Chef Executive Officer, as failed to fully appoint a Board to manage the company. Prior to DR. CARN leaving, the Board consisted of five (5) members who were all medical doctors, medical providers, an engineer, or other people familiar with the medical community and the requirements of the FDA for medical devices and their use. Since DR. CARN resigned, KIMBERLY MILLS dismissed the Board of Directors, refused to rehire any of the same Board Members, and replace two (2) of the five (5) vacated member positions with friends and co-workers, the other named defendants herein. There remains significant vacancies on the Board and there is no one left on the Board who has any knowledge or experience in the medical community, any MD degree or other medical training or degree, or anyone who is in any way beneficial to the Corporation and its mission as manufacturer of medical device. The Corporation is under strict scrutiny of the Food and Drug Administration of the Federal Government and must comply with many licensing and other requirements that require highly trained medical personnel to be on the Board of the Corporation. Defendants refused to retain any of the highly experienced prior Board Members, which leaves the Corporation in a severely weakened condition moving forward with vacancies they refuse to fill. Corporation Code § 300 et seq.

27. Therefore as a result of the deficiencies, it is respectfully requested the Court find a Breach of the Fiduciary Duty, a Breach of Honesty to the Corporation and that defendants KIMBERLY MILLS, LYNSIE BRUSHETT; and VICKI CRAFT be removed as Officers and Directors of the Corporation, that new and qualified Directors be appointed; for the costs and fees incurred herein; and, for such other and further relief as the Court deems proper.

## III.

## THIRD CAUSE OF ACTION

## <u>WASTE OF CORPORATE ASSETS AND UNJUST ENRICHMENT</u>

28. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 as if fully set forth herein.

29. As a result of the actions as alleged above and elsewhere herein, and as discovery will show, defendants have engaged in mismanagement of the Corporation, the waste of corporate assets and of personnel, the wholesale moving of the Corporate's place of business after many years from the Zachi Way address to the Mountain Lakes Blvd address and the cost and expense thereof. Further, the named defendants have mismanaged the corporation and caused a waste of corporate assets listed herein and as will be shown through discovery and once all current assets and debts of the corporation are determined.

30. As a result of the above, it is respectfully requested that the named defendants be removed from their offices and their positions with the Corporation, that qualified persons be placed in the positions, and that a determination be made of the costs of their actions to the Corporation. That they then be Ordered to pay said sum as will be shown through discovery and at time of Trial for damages to the Corporation.

31. Therefore, plaintiff requests the Court make the above determination, remove the named defendants, and determine the costs and expenses to the Corporation, for plaintiff's attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

## IV.

## FOURTH CAUSE OF ACTION

## FAILURE TO HONOR EXERCISE OF STOCK OPTION

32. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 as set forth above.

33. Prior to his resignation as an Officer and Director of the Corporation, plaintiff was granted and enjoyed a Stock Option Agreement which allowed him to purchase shares of the Corporation at an option price as set forth in the option at a time to be exercised at his discretion in the future.

34. On or about 4/23/2026, plaintiff exercised his rights under the Stock Option as he had done previously several times in the past. In his prior exercise, the options were

acknowledged and the shares granted under the previously given Stock Option Agreement.

35. However, after plaintiff's resignation, and while he remained as a substantial minority Shareholder, he exercised his rights under the Stock Option by signing and serving the Option Agreement with a Certified Check for the purchase of shares as required. This was delivered to the Corporation's Counsel. Although this option was just like the prior exercise as under the Stock Option Agreement, the Corporation and its Officers rejected exercise of the Stock Option, refused to issue shares as required thereunder, and returned the Option Form and the Check to Plaintiff without legal basis. As a result, defendants breached their contractual duty under the Stock Option Agreement as well as their Fiduciary Duty and Duty of Honesty and Fair Dealing to plaintiff, by failing and refusing to acknowledge the exercise of the Stock Option. Defendants gave a reason for dishonoring the agreement claiming that plaintiff was no long substantially involved in the Corporation and, therefore, no longer had any rights to exercise the Stock Option Agreement. This is disputed and untrue, and plaintiff requests the Court Order this Stock Option exercised and carried through, and that the shares be issued to plaintiff and that he be awarded his costs and fees caused by their refusal to honor the Option Contract.

36. Wherefore, plaintiff prays that the Stock Option be exercised and the shares be issued, and for his costs and fees in an amount to be determined, and for such other and further relief as the Court deems appropriate as set forth below.

## V.

## FIFTH CAUSE OF ACTION

## THE INVOLUNTARY DISSOLUTION OF THE CORPORATION

37. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

38. Plaintiff is a holder of substantially more than 33 1/3 % of the shares of said Corporation. Pursuant to Corporations Code § 1800 et seq. he has the right to either have his shares repurchased by the Corporation or he has the right to have the Corporation sold and his interest of the shares distributed to him as part of the sale. The actions of

defendants as alleged above, and their breach of duties, and other actions and breaches as alleged above, plaintiff requests the Court Order the dissolution of the Corporation and/or its sale and that the value of his interest in the Corporation be distributed to him as part of the sale herein.

39. Therefore, plaintiff prays that the Corporation be dissolved, its assets sold, and plaintiff receive his share of the assets of the Corporation as set forth herein, and for such other and further relief as the Court deems appropriate.

**VI.**

**SIXTH CAUSE OF ACTION**

**BREACH OF PATENT RIGHTS**

40. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

41. Plaintiff is the holder of current and active patents he created for various medical devices and procedures. There are five patents not owned by SunMEDICA, INC., but by plaintiff/shareholder individually. In the past, he has allowed the Corporation to use his patents for the benefit of the Corporation without compensation given his position with the company. However, since his resignation as Officer and Director of the Corporation, and his lock out of the Corporation and the running of the Corporation, he has had no choice but to assert his right under the patents. As a result, on or about 4/24/26, plaintiff made a demand that his rights under the patents be recognized and acknowledged by the Corporation and that an appropriate arrangement for compensation to be made to him for the Corporation's continued ongoing use of his patents.

42. Defendants failed and refused claiming the Corporation was the owner of the patents, and that they would not acknowledge his rights under the patents, nor any compensation for the use thereof, and they would continue to do so with impunity.

43. Plaintiff is in fact the owner of said patents and has rights thereunder which have been acknowledged in the past by the Corporation. They are no longer being acknowledged by defendants herein. As a result, plaintiff prays the Court make the

determination that he is the owner of the patents hereunder, and that the Corporation either ceases use of all patents in their entirety, and/or pays reasonable past and future compensation, both for past use and going forward, to plaintiff for the use of his patents in an ongoing basis in an amount to be determined.

44. Therefore, plaintiff prays that the patents be enforced and he be paid for the rights thereunder, for his attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

## VII.

## PRAYER

**WHEREFORE**, plaintiff prays through this Verified Complaint for each of the Causes of Actions set forth above, for the remedies and relief requested thereunder, including but not limited to:

1. The Court Order the production of all books and records of the Corporation and for plaintiff's costs and attorneys' fees as determined and necessary by the filing of this action to procure production of the same; and,

2. That defendant, KIMBERLY MILLS, LYNSIE BRUSHETT and VICKI CRAFT be removed as Officers and Directors of the Corporation; that new and qualified Directors be appointed; for plaintiff's costs and fees incurred herein; and,

3. The Court make a determination of the damages caused to the Corporation by defendant's actions, that the named defendants be removed; that the costs and expenses and damages to the Corporation be determined and paid by the defendants; for plaintiff's attorneys' fees and costs; and,

4. The Court Order that plaintiff's Stock Option be exercised; that the Shares be issued to plaintiff; that plaintiff be awarded his attorneys' fees and costs in an amount to be determined; and,

5. The Corporation be dissolved; its assets collected and sold and its debts paid; that plaintiff receive his share of the remaining assets of the Corporation; his costs, fees, and expenses be paid; and,

6. That plaintiff's patent rights be enforced; that he is paid for his rights thereunder past and present; for his attorneys' fees and costs for having to file to enforce by this action; and,

7. For such other and further relief as the Court deems appropriate.

Dated: July 22, 2026.

Respectfully submitted,

PICKERING LAW CORPORATION

MICHAEL L. PICKERING, Attorney for Plaintiff
RONALD M. CARN

**VERIFICATION**

I, RONALD CARN, declares:

I am the plaintiff in the above referred action. If called to testify and duly sworn, I could and would testify to matters of my own personal knowledge as follows:

1. I have read the foregoing Verified Shareholder Derivative Complaint for Damages with its six causes of action. The same are true of my knowledge, except those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury the above is true and correct. EXECUTED this 21 day of July, 2026 at Redding, California.

Ronald M Carn MD

RONALD CARN, MD

7-21-2026

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
JUL 28 2026
SHASTA COUNTY SUPERIOR COURT
BY: K. LANDENGLOS, DEPUTY CLERK

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
SunMEDICA, INC.; KIMBERLY MILLS; VICKI CRAFT, and DOES 1-20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
RONALD M. CARN, MD

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!** Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* SHASTA COUNTY SUPERIOR COURT
1515 COURT STREET, REDDING, CA 96001

CASE NUMBER: *(Número del Caso):* 211323

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL L PICKERING of the PICKERING LAW CORP. Po Box 992200, Redding, CA 96099-2200; (530) 241-5811

DATE: *(Fecha)* JUL 28 2026 Clerk, by *(Secretario)* K. LANDENGLOS , Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [x] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [x] on behalf of *(specify):* SunMEDICA, INC

under: [x] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

PICKERING LAW CORPORATION
MICHAEL L. PICKERING, ESQ. SBN 109384
P.O. Box 992200
Redding, CA 96099-2200
(530) 241-5811
(530) 241-3145 (Facsimile)
Email: pickeringlaw@sbcglobal.net

Attorneys for Shareholder/Plaintiff

FILED

JUL 23 2026

SHASTA COUNTY SUPERIOR COURT
BY: K. LANDENGLOS, DEPUTY CLERK

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SHASTA

RONALD M. CARN, MD

Plaintiff,

vs.

SunMEDICA, INC.;
KIMBERLY MILLS;
LYNSIE BRUSHETT;
VICKI CRAFT;
and DOES 1-20, inclusive,

Defendants.

_______________________________/

CASE NO. - 211323

VERIFIED SHAREHOLDER DERIVATIVE COMPLAINT FOR:

1. BREACH OF DUTY TO DISCLOSE AND PRODUCTION OF CORPORATE BOOKS AND RECORDS;
2. BREACH OF CORPORATE FIDUCIARY DUTY;
3. WASTE OF CORPORATE ASSETS AND UNJUST ENRICHMENT
4. FAILURE TO HONOR EXERCISE OF STOCK OPTION
5. THE INVOLUNTARY DISSOLUTION OF THE CORPORATION
6. BREACH OF PATENT RIGHTS

Plaintiff, RONALD CARN, MD a Shareholder in the above-referred Corporation, asserts and alleges both derivatively and directly in this Complaint as follows:

## PARTIES

1. Plaintiff, RONALD M. CARN, MD is a medical doctor who specialized in orthopedic surgery in the County of Shasta, State of California. Dr. Carn for many years performed orthopedic surgeries in the North State as part of his practice, and developed and patented numerous medical devices for both surgery, therapeutic relief, and physical

therapy, to be used for the treatment and recovery of orthopedic injuries.

2. After some years, DR. CARN thought it was best to incorporate and therefore created SunMEDICA, INC., the defendant Corporation herein. This was done for the purpose of the manufacture, sale, and marketing of orthopedic and other medical devices created by plaintiff. The Corporation as originally formed had plaintiff as the sole Shareholder. Eventually, as DR. CARN grew older and entered retirement, he wanted to bring others into the Corporation. He brought in KIMBERLY MILLS as a Shareholder and Officer. Defendant, MILLS is also on the Board of Directors which previously consisted of five people, all of which were within the medical community or otherwise qualified, including doctors, nurse practitioners, an engineer, and others qualified to assist in advising the Corporation as it created and marketed medical devices.

3. DR. CARN personally created nine patents for devices for which he holds the patent on five. He allowed the Corporation to utilize his patents as part of his service to the Corporation.

4. DR. CARN was also granted a Stock Option to purchase additional shares of the Corporation as it grew and additional Shareholders were added.

5. DR. CARN lives and resides in Shasta County, California and has for most of his working life up through and including retirement.

6. Defendant, SunMEDICA, INC. is a Corporation duly organized and existing under the laws of the State of California and is a nominal defendant herein for purposes of the derivative action and Shareholder action alleged herein. Its principal place of business is Shasta County, California and has been for all of its existence.

7. Defendant, KIMBERLY MILLS is the current President of defendant, SunMEDICA, INC., as well as a Shareholder and serves on the Board of Directors. She lives and resides in Shasta County, California and has for the duration of the complaints made herein.

8. Defendant, LYNSIE BRUSHETT is an employee of SunMEDICA, INC. and now serves on the Board of Directors. She lives and resides in Shasta County, California

and has for the duration of the complaints herein.

9. Defendant, VICKI CRAFT is unknown as to her vocation, but she is believed to be a local business person who serves on the Board of Directors. She lives and resides in Shasta County, California and has for the duration of the complaints herein.

10. DOES 1 through 20, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff at this time. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such DOE defendants.

## VENUE

11. The venue for this action is appropriate in the Superior Court of Shasta County, California as the Corporation is based in and conducts business in Shasta County, California. Further, each of the named defendants are residents of Shasta County, California.

## SUMMARY OF THE ACTION

12. This is a shareholder's derivative action brought by RONALD CARN, MD against nominal corporate defendant, SunMEDICA, INC. which is primarily engaged in the business of creating, manufacturing, and marketing and selling medical devices.

13. This derivative action is brought against members of the Company's Board of Directors (the "Board") and its Executive Officers (collectively, the "Individual Defendants") seeking to remedy the Defendants' violations of state law and breaches of fiduciary duty during the period beginning in about 2025 through the present and continuing (the "Relevant Period").

## FIDUCIARY DUTIES OF THE INDIVIDUAL DEFENDANTS

14. By reason of their positions as officers, directors and/or fiduciaries of SunMEDICA, INC. during the Relevant Period, and because of their current ability to

control the business and corporate affairs of the Company, the Individual Defendants owed SunMEDICA, INC. and its shareholders fiduciary obligations of good faith, loyalty and candor. They were and are required to use their utmost ability to control and manage the Company in a fair, just, honest and equitable manner. The Individual Defendants were and are required to act in furtherance of the best interests of SunMEDICA and its shareholders so as to benefit all shareholders equally and, not in furtherance of their personal interest or benefit.

15. Each director and officer of the Company owes to SunMEDICA and its shareholders the fiduciary duty to exercise good faith and diligence in the administration of the Company's affairs and in the use and preservation of its property and assets, and the highest obligations of fair dealing with its Shareholders.

## I.

## FIRST CAUSE OF ACTION

## BREACH OF DUTY OF DISCLOSURE AND PRODUCTION OF CORPORATE BOOKS AND RECORDS

16. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

17. Plaintiff is a minority Shareholder of the defendant corporation and owns 48% of said shares. Defendant, KIMBERLY MILLS is the remaining Shareholder and owns approximately 52% of the shares. KIMBERLY MILLS became the majority Shareholder on or about August 13, 2025 when DR. CARN, due to his retirement and health concerns, resigned his position as an Officer of the Corporation, as well as his position on the Board of Directors. Plaintiff remained a Shareholder, but became a minority Shareholder as he sold, at below market value or gifted, a sufficient number of his shares to the Corporation so that KIMBERLY MILLS would become the majority Shareholder.

18. This was done in the anticipation that defendant, MILLS would continue to operate the Corporation in a good and faithful manner pursuant to her Fiduciary Duties. Unfortunately, this has proven not to be the case as plaintiff had hoped. This led to the

disputes which are the basis of the Complaint herein. Defendant, MILLS and the Board of Directors, have substantially locked out the plaintiff, refused to cooperate with reasonable and appropriate requests of a minority Shareholder, refused to report and produce records, and other violations as alleged herein. As a result, this action became necessary.

19. As a substantial minority Shareholder, plaintiff has rights to view, inspect, and copy books and records of the Corporation. Sometime shortly after plaintiff resigned, defendant, MILLS and the other named defendants, packed up and moved the Corporation's base of operations where they had been for many years, from 1661 Zachi Way, Redding, California 96003 to a building under a new lease at 5070 Mountain Lakes Blvd., Redding, California 96003. The prior building was partly owned by plaintiff and had been made FDA Compliant. It is unknown if the new facility is compliant, but based on information and belief, it is not likely. This was all done without DR. CARN'S knowledge or input. Since that move, defendants have locked out plaintiff and have not fully and appropriately responded to his reasonable requests as a Shareholder.

20. On or about 3/3/2026, plaintiff made a demand on the Corporation through its attorney for the production of various books and records which are appropriate and allowed pursuant to California Corporations Code § 1500 et sec. and § 1600 et seq. and his position as a substantial minority Shareholder. The requests was for five (5) items, including but not limited to, (1) initial ByLaws of the Corporation and any amendments thereto; (2) a current list of Shareholders and the number of shares they own; (3) a current list of the names and addresses for the Board of Directors for the years 2023, 2024, 2025 and 2026; (4) Minutes of the Corporation, including any meetings of the Board of Directors, Shareholders and/or Officers of the Corporation from 1/1/2025 to the current; and, (5) the Corporate Tax Returns for the years 2024, 2025, and 2026 when prepared. There was also a further request made for Monthly Profit and Loss Statements or Quarterly Statements as prepared by the Corporation.

21. These were items DR. CARN previously had full access to and assumed he would continue to have access to them. However, access was barred once he resigned,

once KIMBERLY MILLS gained her position as majority Shareholder and President and moved the Corporation to its new address. The Corporation, through its Board of Directors, partly responded to the requests and has refused all further requests other than a few Minutes and By Laws, and has failed to produce any other records requested.

22. Therefore, it is respectfully requested the Court Order the production of all books and records and for plaintiff's costs and attorneys' fees, and for such other relief as set forth below.

**II.**

**SECOND CAUSE OF ACTION**

**BREACH OF CORPORATE FIDUCIARY DUTY**

23. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

24. Defendants and each of them owe plaintiff as a shareholder a fiduciary obligations of good faith, loyalty and candor are required to use their utmost ability to control and manage the company in a fair, just, honest, and equitable manner. Corporations Code § 300 et seq. Further, they are required to act in the best interest of SunMEDICA, INC. and its shareholders to the benefit of all shareholders equally, not for their own personal interest or benefit. Each Director and Officer of SunMEDICA, INC. owes the Corporation and its shareholders a fiduciary duty to exercise good faith and due diligence in the administration of the company's business affairs and for the use and preservation of property and assets and the highest obligations of fair dealing.

25. The named defendants and each of them, have breached their obligations hereunder in failing and refusing to be open and transparent with regard to the Corporation's operations despite their obligations above. Further, they refused to produce Corporate Books and records and have refused to keep plaintiff informed of the financial condition of the company as requested and demanded previously. Defendants have only given sporadic statements of profit loss, and other schedules as they see fit, but have not produced monthly or quarterly reports as required.

26. Further, KIMBERLY MILLS, as is her obligation as Chef Executive Officer, as failed to fully appoint a Board to manage the company. Prior to DR. CARN leaving, the Board consisted of five (5) members who were all medical doctors, medical providers, an engineer, or other people familiar with the medical community and the requirements of the FDA for medical devices and their use. Since DR. CARN resigned, KIMBERLY MILLS dismissed the Board of Directors, refused to rehire any of the same Board Members, and replace two (2) of the five (5) vacated member positions with friends and co-workers, the other named defendants herein. There remains significant vacancies on the Board and there is no one left on the Board who has any knowledge or experience in the medical community, any MD degree or other medical training or degree, or anyone who is in any way beneficial to the Corporation and its mission as manufacturer of medical device. The Corporation is under strict scrutiny of the Food and Drug Administration of the Federal Government and must comply with many licensing and other requirements that require highly trained medical personnel to be on the Board of the Corporation. Defendants refused to retain any of the highly experienced prior Board Members, which leaves the Corporation in a severely weakened condition moving forward with vacancies they refuse to fill. Corporation Code § 300 et seq.

27. Therefore as a result of the deficiencies, it is respectfully requested the Court find a Breach of the Fiduciary Duty, a Breach of Honesty to the Corporation and that defendants KIMBERLY MILLS, LYNSIE BRUSHETT; and VICKI CRAFT be removed as Officers and Directors of the Corporation, that new and qualified Directors be appointed; for the costs and fees incurred herein; and, for such other and further relief as the Court deems proper.

## III.

## THIRD CAUSE OF ACTION

## WASTE OF CORPORATE ASSETS AND UNJUST ENRICHMENT

28. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 as if fully set forth herein.

29. As a result of the actions as alleged above and elsewhere herein, and as discovery will show, defendants have engaged in mismanagement of the Corporation, the waste of corporate assets and of personnel, the wholesale moving of the Corporate's place of business after many years from the Zachi Way address to the Mountain Lakes Blvd address and the cost and expense thereof. Further, the named defendants have mismanaged the corporation and caused a waste of corporate assets listed herein and as will be shown through discovery and once all current assets and debts of the corporation are determined.

30. As a result of the above, it is respectfully requested that the named defendants be removed from their offices and their positions with the Corporation, that qualified persons be placed in the positions, and that a determination be made of the costs of their actions to the Corporation. That they then be Ordered to pay said sum as will be shown through discovery and at time of Trial for damages to the Corporation.

31. Therefore, plaintiff requests the Court make the above determination, remove the named defendants, and determine the costs and expenses to the Corporation, for plaintiff's attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

IV.

## FOURTH CAUSE OF ACTION

## FAILURE TO HONOR EXERCISE OF STOCK OPTION

32. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 as set forth above.

33. Prior to his resignation as an Officer and Director of the Corporation, plaintiff was granted and enjoyed a Stock Option Agreement which allowed him to purchase shares of the Corporation at an option price as set forth in the option at a time to be exercised at his discretion in the future.

34. On or about 4/23/2026, plaintiff exercised his rights under the Stock Option as he had done previously several times in the past. In his prior exercise, the options were

acknowledged and the shares granted under the previously given Stock Option Agreement.

35. However, after plaintiff's resignation, and while he remained as a substantial minority Shareholder, he exercised his rights under the Stock Option by signing and serving the Option Agreement with a Certified Check for the purchase of shares as required. This was delivered to the Corporation's Counsel. Although this option was just like the prior exercise as under the Stock Option Agreement, the Corporation and its Officers rejected exercise of the Stock Option, refused to issue shares as required thereunder, and returned the Option Form and the Check to Plaintiff without legal basis. As a result, defendants breached their contractual duty under the Stock Option Agreement as well as their Fiduciary Duty and Duty of Honesty and Fair Dealing to plaintiff, by failing and refusing to acknowledge the exercise of the Stock Option. Defendants gave a reason for dishonoring the agreement claiming that plaintiff was no long substantially involved in the Corporation and, therefore, no longer had any rights to exercise the Stock Option Agreement. This is disputed and untrue, and plaintiff requests the Court Order this Stock Option exercised and carried through, and that the shares be issued to plaintiff and that he be awarded his costs and fees caused by their refusal to honor the Option Contract.

36. Wherefore, plaintiff prays that the Stock Option be exercised and the shares be issued, and for his costs and fees in an amount to be determined, and for such other and further relief as the Court deems appropriate as set forth below.

## V.

## FIFTH CAUSE OF ACTION

## THE INVOLUNTARY DISSOLUTION OF THE CORPORATION

37. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

38. Plaintiff is a holder of substantially more than 33 1/3 % of the shares of said Corporation. Pursuant to Corporations Code § 1800 et seq. he has the right to either have his shares repurchased by the Corporation or he has the right to have the Corporation sold and his interest of the shares distributed to him as part of the sale. The actions of

defendants as alleged above, and their breach of duties, and other actions and breaches as alleged above, plaintiff requests the Court Order the dissolution of the Corporation and/or its sale and that the value of his interest in the Corporation be distributed to him as part of the sale herein.

39. Therefore, plaintiff prays that the Corporation be dissolved, its assets sold, and plaintiff receive his share of the assets of the Corporation as set forth herein, and for such other and further relief as the Court deems appropriate.

## VI.

## SIXTH CAUSE OF ACTION

## BREACH OF PATENT RIGHTS

40. Plaintiff refers to and incorporates by reference as if fully set forth herein paragraphs 1-15 above.

41. Plaintiff is the holder of current and active patents he created for various medical devices and procedures. There are five patents not owned by SunMEDICA, INC., but by plaintiff/shareholder individually. In the past, he has allowed the Corporation to use his patents for the benefit of the Corporation without compensation given his position with the company. However, since his resignation as Officer and Director of the Corporation, and his lock out of the Corporation and the running of the Corporation, he has had no choice but to assert his right under the patents. As a result, on or about 4/24/26, plaintiff made a demand that his rights under the patents be recognized and acknowledged by the Corporation and that an appropriate arrangement for compensation to be made to him for the Corporation's continued ongoing use of his patents.

42. Defendants failed and refused claiming the Corporation was the owner of the patents, and that they would not acknowledge his rights under the patents, nor any compensation for the use thereof, and they would continue to do so with impunity.

43. Plaintiff is in fact the owner of said patents and has rights thereunder which have been acknowledged in the past by the Corporation. They are no longer being acknowledged by defendants herein. As a result, plaintiff prays the Court make the

determination that he is the owner of the patents hereunder, and that the Corporation either ceases use of all patents in their entirety, and/or pays reasonable past and future compensation, both for past use and going forward, to plaintiff for the use of his patents in an ongoing basis in an amount to be determined.

44. Therefore, plaintiff prays that the patents be enforced and he be paid for the rights thereunder, for his attorneys' fees and costs, and for such other and further relief as the Court deems appropriate.

## VII.

## PRAYER

**WHEREFORE**, plaintiff prays through this Verified Complaint for each of the Causes of Actions set forth above, for the remedies and relief requested thereunder, including but not limited to:

1. The Court Order the production of all books and records of the Corporation and for plaintiff's costs and attorneys' fees as determined and necessary by the filing of this action to procure production of the same; and,

2. That defendant, KIMBERLY MILLS, LYNSIE BRUSHETT and VICKI CRAFT be removed as Officers and Directors of the Corporation; that new and qualified Directors be appointed; for plaintiff's costs and fees incurred herein; and,

3. The Court make a determination of the damages caused to the Corporation by defendant's actions, that the named defendants be removed; that the costs and expenses and damages to the Corporation be determined and paid by the defendants; for plaintiff's attorneys' fees and costs; and,

4. The Court Order that plaintiff's Stock Option be exercised; that the Shares be issued to plaintiff; that plaintiff be awarded his attorneys' fees and costs in an amount to be determined; and,

5. The Corporation be dissolved; its assets collected and sold and its debts paid; that plaintiff receive his share of the remaining assets of the Corporation; his costs, fees, and expenses be paid; and,

6. That plaintiff's patent rights be enforced; that he is paid for his rights thereunder past and present; for his attorneys' fees and costs for having to file to enforce by this action; and,

7. For such other and further relief as the Court deems appropriate.

Dated: July 22, 2026.

Respectfully submitted,

PICKERING LAW CORPORATION

MICHAEL L. PICKERING, Attorney for Plaintiff
RONALD M. CARN

**VERIFICATION**

I, RONALD CARN, declares:

I am the plaintiff in the above referred action. If called to testify and duly sworn, I could and would testify to matters of my own personal knowledge as follows:

1. I have read the foregoing Verified Shareholder Derivative Complaint for Damages with its six causes of action. The same are true of my knowledge, except those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury the above is true and correct. EXECUTED this 21 day of July, 2026 at Redding, California.

Ronald M Carn MD

RONALD CARN, MD

7-21-2026

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY STATE BAR NUMBER: 109384
NAME: MICHAEL L PICKERING, ESQ
FIRM NAME: PICKERING LAW CORPORATION
STREET ADDRESS: PO BOX 992200
CITY: REDDING STATE: CA ZIP CODE: 96099-2200
TELEPHONE NO.: 530-241-5811 FAX NO.: 530-241-3145
EMAIL ADDRESS: pickeringlaw@sbcglobal.net
ATTORNEY FOR (name): PLAINTIFF, RONALD M. CARN, MD

FOR COURT USE ONLY

FILED
JUL 23 2026
SHASTA COUNTY SUPERIOR COURT
BY: K. LANDENGLOS, DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
STREET ADDRESS: 1515 COURT STREET
MAILING ADDRESS:
CITY AND ZIP CODE: REDDING, CA 96001
BRANCH NAME:

CASE NAME:
RONALD M. CARN, MD v. SunMEDICA, INC.; KIMBERLY MILLS, LYNSIE BRUSHETT, et al.

**CIVIL CASE COVER SHEET**

[x] **Unlimited** (Amount demanded exceeds $35,000)
[ ] **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**

[ ] Counter [ ] Joinder

Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 211323
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2 and examples on page 3).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Asbestos**
- [ ] Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/Unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Song-Beverly Act: Motor Vehicle Lemon Law (49)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Employment Development Department (EDD)**
- [ ] EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Comprehensive groundwater adjudication (47)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [x] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties
b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*:

a. ☒ monetary
b. ☒ nonmonetary; declaratory or injunctive relief
c. ☐ punitive

4. Number of causes of action *(specify)*: 6

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/22/26

MICHAEL L PICKERING, ESQ. SBN 109384
Type or print name

▶ [signature]
Signature of party or attorney for party

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, or a collections case under rule 3.740, you must serve a copy of this cover sheet on all other parties to the action or proceeding. (Cal. Rules of Court, rule 3.220.)
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided on page 3 of this form. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

## CASE TYPES AND EXAMPLES

The list below provides explanations and examples for the case type checkboxes listed in item 1 on this form. The lists of examples below are not meant to be exhaustive, and some case types may have causes of action not listed here.

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/ Wrongful Death
- Uninsured Motorist *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)* (46)

**Asbestos**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/Wrongful Death

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Product Liability *(not asbestos or environmental/toxic tort)* (24)
- Medical Malpractice (45)
  - Medical Malpractice–Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud *(other than contract)* (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud)*
  - Negligent Breach of Contract/Warranty
  - Other Breach of Contract/Warranty
- Song-Beverly Act: Motor Vehicle Lemon Law *(check this item if the case involves a Song-Beverly Act claim regarding a motor vehicle)* (49)
- Rule 3.740 Collections *(as defined in Cal. Rules of Court, rule 3.740(a))* (09)
- Other Collections (e.g., money owed, open book accounts, promissory note) (09)
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not unlawful detainer)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs *(if the case involves illegal drugs, check this item; otherwise, choose Commercial or Residential)* (38)

**Judicial Review**
- Asset Forfeiture (05)
- Petition re Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Employment Development Department (EDD)**
- EDD Decision Review *(if the case involves an Employment Development Department decision, check this item instead of wrongful termination or other employment)* (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Comprehensive Groundwater Adjudication (47)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister-State Judgment
  - Administrative Agency Award
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanic's Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/ non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Government Claim Requirement
  - Other Civil Petition

**THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SHASTA**

Case Number: 26CV-0211323

**NOTICE OF: ALL PURPOSE ASSIGNMENT, MANDATORY SETTLEMENT CONFERENCE, AND TRIAL**

# INSTRUCTIONS – READ IMMEDIATELY!

## ORDER OF ASSIGNMENT

This action is assigned to Ryan H Birss for all purposes pursuant to Local Rule 3.02 of the Shasta County Superior Court.

## MANDATORY SETTLEMENT CONFERENCE DATE

A Mandatory Settlement Conference will be conducted in this action on Monday, April 26, 2027, at 1:30 pm in Department 64, located at 1515 Court Street, Redding, California 96001. All parties to this action are required to appear at the Settlement Conference. /PSl

The parties are ordered to comply with California Rules of Court, Rule 3.1380 relating to settlement conferences. Pursuant to Rule 3.1380(b), this court finds good cause is deemed to have been shown to excuse from attendance at settlement conference claims persons whose offices are more than 100 miles from the courthouse.

## TRIAL DATE

This matter is set for Trial on Tuesday, June 29, 2027, at 8:45 am in Department 64, located at 1515 Court Street, Redding, CA 96001. /PSl

## REQUIREMENT FOR SERVING THIS NOTICE

Plaintiff shall serve this notice on each defendant at the time of service of the complaint and on all intervenors and interpleaders within 10 days of service on plaintiff of complaints in intervention or interpleader. All cross-complainants shall serve this notice on each cross-defendant at the time of service of the cross-complaint.

IF YOU ARE A DEFENDANT OR CROSS-DEFENDANT, YOU HAVE BEEN SERVED WITH OTHER DOCUMENTS ALONG WITH THIS NOTICE. UNDER THE LAW, THOSE OTHER DOCUMENTS REQUIRE YOU TO TAKE ACTION PROMPTLY TO PRESERVE YOUR RIGHTS. PLEASE REVIEW THOSE MATERIALS IMMEDIATELY. THE REQUIREMENTS SET FORTH IN THIS NOTICE AND THE SETTLEMENT CONFERENCE AND TRIAL DATE SCHEDULED IN THIS NOTICE ARE SEPARATE AND ARE IN ADDITION TO THOSE CONTAINED IN THE OTHER DOCUMENTS WHICH YOU HAVE RECEIVED.

Dated: January 1, 2025

[signature]
TAMARA L. WOOD, Presiding Judge

I CERTIFY THAT A COPY OF THIS DOCUMENT WAS PROVIDED TO THE PLAINTIFF ON JULY 28, 2026.

BY: [signature], DEPUTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SHASTA
# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. Private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You can read more information about these ADR processes and watch videos that demonstrate them at http://www.courts.ca.gov/programs-adr.htm . If the parties agree to an ADR program, the parties may file the agreement with the court for the purpose of assisting the court in determining how to proceed at the case management conference.

## Potential Advantages and Disadvantages

ADR may have a variety of advantages and disadvantages over a trial, depending on the type of ADR process used and the particular case:

### Potential Advantages

- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships.

### Potential Disadvantages

- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable.

## Most Common Types of ADR

**Mediation** – A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners.

**Settlement Conferences** – A judge helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Neutral Evaluation** – The parties briefly and informally present their facts and arguments to a neutral person called an "evaluator", who is often an expert in the subject matter of the dispute. The evaluator does not decide the outcome of the dispute, but helps the parties to do so by giving them a non-binding opinion about the strengths, weaknesses, and likely outcome of their case. Depending on the neutral evaluation program and the parties' wishes, the evaluator may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties want a neutral person's opinion about how the case might be resolved, if the primary dispute is the amount of damages, or if there are technical issues that the parties would like a neutral expert to help resolve.

**Arbitration** – The parties present evidence and arguments to a neutral person called an "arbitrator" who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to *binding arbitration*, they waive their right to a trial and agree to accept the arbitrator's decision as final. With *nonbinding arbitration*, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or want an expert in the subject matter of the dispute to make the decision.

**Selecting an ADR Program and Neutral**

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications of any neutral you are considering, and about their fees.

**Shasta County Superior Court ADR Programs**

When a civil case is set for trial the judge also will set a settlement conference date approximately six weeks before the trial date. The judge assigned to the case will assist the parties in attempting to arrive at a negotiated resolution.

Shasta County Superior Court does not offer mediation, neutral evaluations, or arbitrations.

**Private ADR Providers** – To find a private ADR program or neutral evaluator, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or the Shasta-Trinity Counties Bar Association may assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts website at http://courts.ca.gov/selfhelp.htm .